# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01843-RM-NYW

ROGER ZACHARY BOLLMAN, on behalf of himself and all others similarly situated,

     Plaintiff,

v.

FIRSTBANK HOLDING COMPANY, a Colorado Corporation,

     Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Nina Y. Wang.

This matter comes before the court on Defendant FirstBank Holding Company's ("FirstBank") Motion to Dismiss filed October 16, 2015 [#23], FirstBank's Motion to Dismiss filed November 23, 2015 [#30] (collectively, "FirstBank's Motions to Dismiss"), and Plaintiff Roger Zachary Bollman's ("Mr. Bollman") Unopposed Motion to Dismiss His State Law Claim Without Prejudice ("Unopposed Motion to Dismiss") [#35, filed Dec. 9, 2015]. Pursuant to the Order Referring Case dated September 30, 2015 [#16], the memoranda dated October 19, 2015, November 23, 2015, and December 15, 2015 [#24, #32, #36], this matter was referred to the undersigned Magistrate Judge. After carefully reviewing the motions, the case file, and the applicable case law, I respectfully **RECOMMEND** that Plaintiff's Unopposed Motion to Dismiss be **CONSTRUED** as a Rule 15 motion to amend complaint and be **GRANTED** and FirstBank's Motions to Dismiss filed on October 16, 2015 and November 23, 2015 be **DENIED** as **MOOT**.

## BACKGROUND

Mr. Bollman filed the Complaint in this case on August 26, 2015, asserting claims as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA") and a class action under Fed. R. Civ. P. 23 for violation of the Colorado Wage Act and the Colorado Minimum Wage Order.  [#1].  On October 16, 2015, FirstBank filed a Motion to Dismiss the Complaint, alleging that the Complaint did not plead enough facts to satisfy *Twombly*'s plausibility standard that Mr. Bollman is entitled to relief, the Complaint did not plead enough facts to plausibly state a collective action, and the court should decline to exercise supplemental jurisdiction over Mr. Bollman's state law claims.  [#23 citing *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007)].  On November 4, 2015, Mr. Bollman filed an Amended Complaint, again asserting claims under the FLSA and the Colorado Wage Act and Colorado Minimum Wage Order.  [#28].  FirstBank responded to the Amended Complaint by filing an Answer and a partial Motion to Dismiss on November 23, 2015.  [#30, #31].  In its November 23 Motion to Dismiss, FirstBank argued that the court should decline to exercise supplemental jurisdiction over the state law claims because to do so "is not in the best interest of judicial economy, convenience, fairness, and comity."  [#30 at 9].

On December 9, 2015, Mr. Bollman filed his Unopposed Motion to Dismiss.  [#35].  In that Motion, Mr. Bollman stated that although he "believes the Court could, in its discretion, properly exercise supplemental jurisdiction over his State Law Claim," he nonetheless reached an agreement with FirstBank to dismiss his state law claim (encompassing the Colorado Wage Act and the Colorado Minimum Wage Order).  [#35 at 2].  Mr. Bollman therefore asked that his

state law claim be dismissed without prejudice with each party to bear its own costs and attorneys' fees. [*Id.*]

Having considered Mr. Bollman's Unopposed Motion to Dismiss, the court respectfully recommends that it be construed as a motion to amend the complaint under Rule 15 of the Federal Rules of Civil Procedure, consistent with courts within this District and the weight of authority outside the Tenth Circuit. *See David A. Bovino P.C. v. MacMillian*, Case No. 12-cv-00551-PAB-MEH, 2012 WL 6576973, * 1 (D. Colo. Dec. 17, 2012) (citing authorities).  Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, a party may amend its pleading with opposing party's written consent or the court's leave.  Fed. R. Civ. P. 15(a)(2).  In addition, the Rule provides that "the court should freely give leave when justice so requires."  *Id.*

FirstBank does not oppose the amendment, and this court finds no reason to deny the request for dismissal of Plaintiff's state law claims.  In addition, granting Mr. Bollman's Unopposed Motion to Dismiss renders FirstBank's November 23 Motion to Dismiss [#30] moot because the only claims FirstBank seeks to dismiss in that motion are Mr. Bollman's state law claims.  [*See id.* at 9].  The court also recommends denying FirstBank's October 16 Motion to Dismiss as moot because it was mooted when Mr. Bollman filed his Amended Complaint on November 4, 2015 [#28] as a matter of course under Fed. R. Civ. P. 15(a)(1)(B) within 21 days of FirstBank's Motion to Dismiss filed on October 16, 2015.

For the foregoing reasons, this court respectfully **RECOMMENDS** that:

(1)     Plaintiff's Unopposed Motion to Dismiss His State Law Claim Without Prejudice [#35] be **CONSTRUED** as a Motion to Amend Under Rule 15 of the Federal Rules of Civil Procedure and **GRANTED**;

(2)     Defendant FirstBank Holding Company's Motion to Dismiss [#30] be **DENIED**

as **MOOT**; and

(3)     Defendant FirstBank Holding Company's Motion to Dismiss [#23] be **DENIED**

as **MOOT**.[1]


DATED: December 16, 2015                    BY THE COURT:


                                            s/Nina Y. Wang
                                            United States Magistrate Judge

---

[1] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyoming Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).