IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01843-RM-NYW

ROGER ZACHARY BOLLMAN, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

FIRSTBANK HOLDING COMPANY, a Colorado Corporation,

    Defendant.

---

**MINUTE ORDER GRANTING UNOPPOSED
MOTION TO AMEND SCHEDULING ORDER**

---

Entered by Magistrate Judge Nina Y. Wang

    This matter is before the court on Plaintiff's Unopposed Motion to Amend Scheduling Order (the "Motion"). [#42, filed Mar. 29, 2016]. The court considers this Motion pursuant to the Order Referring Case dated September 30, 2015 [#16] and the Memorandum dated March 29, 2016 [#43].

    In the Motion, Plaintiff requests that the court vacate all deadlines in the Scheduling Order pending a ruling on his Motion for Conditional Class Certification of Fair Labor Standards Act Claim, which was filed on December 4, 2015.

    Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)). "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).

    Here, the court finds that good cause exists for vacating the existing deadlines in the Scheduling Order, to be reset following the issuance of a Recommendation on Plaintiff's Motion for Conditional Class Certification. As Plaintiff points out in the Motion, whether this case

proceeds as an individual or collective action may materially impact the way that discovery proceeds in this case, including because it may affect the number and types of experts that each side retains. The court also notes that Plaintiff represents that Defendant does not oppose the Motion. [#42 at 1]. However, in order to facilitate the continued progress in this matter, this court will require the Parties to contact this Magistrate Judge for a further Scheduling Conference once the court issues a Recommendation on the Motion for Conditional Class Certification. Accordingly,

IT IS ORDERED that the Unopposed Motion to Amend Scheduling Order [#42] is **GRANTED IN PART** and **DENIED IN PART;** the deadlines in the Scheduling Order are **VACATED**, to be reset following a Recommendation on the Motion for Conditional Class Certification of Fair Labor Standards Act Claim [#33].

It IS FURTHER ORDERED that the Parties shall jointly contact Magistrate Judge Wang's Chambers within seven days of entry of a Recommendation on the Motion for Conditional Class Certification of Fair Labor Standards Act Claim [#33].

DATED: March 30, 2016